## 54358. BUCKLEY et al. v. THORNWELL.

BELL, Chief Judge.

On motion of plaintiff, the defendants' answer was stricken and a default judgment entered for plaintiff as a sanction for failure to make discovery under CPA § 37 (d) (Code Ann. § 81A-137 (d)), viz. the failure of one of the defendants to appear at her scheduled deposition. After the entry of this judgment, the defendants filed motions to amend findings and judgment under CPA § 52 (b) (Code Ann. § 81A-152 (b)) and a motion for a new trial pursuant to CPA § 60 (c) (Code Ann. § 81A-160 (c)) with supporting affidavits. These motions were denied. The supporting evidence purports to show that the failure to appear was caused by the illness of the deponent. On appeal, defendants enumerate as error the denial of these motions but not the original judgment which granted plaintiff's motion for sanctions. *Held:*

We note initially the following concession contained in defendants' brief: ". . . that the [trial] Court did not abuse its discretion in entering the original judgment of default against Appellants, in that there was not sufficient competent evidence presented to persuade the Court that Appellee's motions should be denied. Appellant urges, however, that the Court was required, in light of *competent* evidence, presented in a *timely* fashion, to grant Appellants' subsequent motions to amend findings and judgment and for a new trial, and that the Court's denial of said motions constituted an abuse of discretion." Thus, from this admission it is obvious that the evidence submitted in support of the motion to amend and the motion for new trial was not tendered or considered when the plaintiff's motion for sanction was originally heard. Defendants' whole argument is that this evidence shows that defendant did not wilfully fail to appear and therefore it was an abuse of discretion to grant the default judgment. It is also apparent that defendant is now seeking a second opportunity, after an initial failure, to prove that no grounds for the imposition of the sanction of a default judgment were present.

a. CPA § 52 (b) (Code Ann. § 81A-152 (b)) does authorize a party to move for amended findings of fact and

a judgment in a case tried by the court without a jury. But it is not a procedural device by which a party may be granted a second opportunity to prove his case, which he failed to do in the first instance. CPA § 52 (a) (Code Ann. § 81A-152 (a)) which requires findings of fact and conclusions of law in cases tried by the court without a jury expressly states that it has no application to a decision on a motion of the type filed by plaintiff here.

b. A motion for new trial under CPA § 60 (c) (Code Ann. § 81A-160 (c)) may be granted when it is "predicated upon some extrinsic defect which does not appear upon the face of the record or pleadings." There was no extrinsic defect shown here. Again, failure to prove a litigant's case at the time the matter was originally heard cannot be classified as an "extrinsic defect" within the meaning of this statute.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED SEPTEMBER 19, 1977 — DECIDED OCTOBER 12, 1977 — REHEARING DENIED NOVEMBER 7, 1977 — 

*Fierer & Devine, Roy R. Devine, Anne E. Meroney,* for appellants.

*Scheer & Elsner, Michael Weinstock,* for appellee.